678 S.E.2d 439

**In the Matter of George G. REAVES, Respondent.**

No. 26669.

Supreme Court of South Carolina.

Submitted May 4, 2009.

Decided June 15, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

George G. Reaves, of Florence, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the issuance of an admonition, public reprimand, or definite suspension not to exceed ninety (90) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period. The facts, as set forth in the Agreement, are as follows.

### *FACTS*

Respondent pled guilty to Failure to Pay Tax or File Return in violation of S.C.Code Ann. § 12–54–44(B)(3) (2000). On October 8, 2008, he was sentenced to eight (8) months

imprisonment and a fine of $1,000, provided that, upon payment of $500 plus costs and restitution in the amount of $8,410, the balance was suspended upon service of one (1) year of probation. On May 6, 2009, a circuit court judge found respondent had violated several conditions of his probation, continued respondent's probation until October 7, 2013, and reduced the restitution payments to $50.00 per month beginning June 8, 2009. Respondent has been cooperative and forthright with ODC throughout its investigation.

## *LAW*

Respondent admits that his misconduct constitutes grounds for discipline pursuant to Rule 7, RLDE, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of crime of moral turpitude or serious crime). Further, he admits he has violated the Rules of Professional Conduct, Rule 407, SCACR, specifically Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct), Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period. Respondent shall fulfill all obligations of his sentence, including probation and payment of restitution, before he may file a Petition for Reinstatement under Rule 32, RLDE. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.